```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
KISS NAIL PRODUCTS, INC.,

                        Plaintiff,                          MEMORANDUM & ORDER
           - against -                                      18-CV-5625 (PKC) (AYS)

SHENZHEN JINRI ELECTRICAL
APPLIANCE CO. LTD. d/b/a VAV and VIVID
& VOGUE; and JOHN DOE 1 d/b/a
ROPALIA,

                        Defendants.
----------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Kiss Nail Products, Inc. brought this action for patent infringement on October 9, 2018 against Defendants Shenzhen Jinri Electrical Appliance Co. Ltd. d/b/a Vav and Vivid and Vogue ("Jinri"), and John Doe 1 d/b/a Ropalia ("Ropalia"), pursuant to 35 U.S.C. § 271. (*See generally* Complaint, Dkt. 1.) After attempting to serve process on Defendant Jinri,[1] and after appearing before this Court to discuss its anticipated motion for default judgment,[2] Plaintiff moved

---

[1] Plaintiff's international service provider transmitted the summons and complaint to the Chinese Central Authority on December 20, 2018. (R&R, Dkt. 21, at 4.) Plaintiff advised the Court on April 26, 2019 that it was attempting to serve Defendants via the Hague Convention. (Dkt. 11.) No certificate or response has been received from the Chinese Central Authority. (R&R, Dkt. 21, at 4.)

[2] On June 27, 2019, Plaintiff requested a pre-motion conference to discuss its anticipated motion for default judgment. (Dkt. 12.) At the pre-motion conference on July 17, 2019, the Court requested that Plaintiff submit by August 1, 2019: (1) cases, if any, in which a court considered whether notice was given to the international defendant in deciding whether to permit the plaintiff to move for a default judgment, prior to the defendant being served by its country's Central Authority; and (2) cases, if any, in which a court rejected the request to move for a default judgment under circumstances similar to this case. (July 17, 2019 Minute Entry.) Plaintiff filed its submission on August 1, 2019 (Dkt. 14), and the Court directed Plaintiff to send via courier to Defendant Jinri a copy of the summons and complaint, as well as the correspondence with the

1

for default judgment against Defendant Jinri on September 23, 2019. (Dkt. 19.) This motion was referred to the Honorable Gary R. Brown, United States Magistrate Judge, for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). On January 21, 2020, the case was reassigned to the Honorable Anne Y. Shields, United States Magistrate Judge.

On July 23, 2020, Judge Shields recommended entry of judgment on behalf of Plaintiff and that a permanent injunction issue barring Defendant Jinri from infringing on Plaintiff's protected patent. (R&R, Dkt. 21, at 2.) The R&R notified Defendant of its right to file written objections to the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6(a) and 72. (*Id.* at 17.) A copy of the R&R was served on Defendant Jinri on July 23, 2020. (*See* Certificate of Service, Dkt. 22.)[3]

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no party objects to the magistrate judge's recommendation, the district court "need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (citation omitted). The statutory period for filing objections has expired, and no objections to Judge Shields's R&R have been filed.

---

Court concerning the default judgment, by August 23, 2019. (Aug. 14, 2019 Order.) On August 20, 2019, Plaintiff sent the papers by FedEx to Defendant Jinri. (R&R, Dkt. 21, at 5.) The papers were returned to Plaintiff on September 10, 2019 with a note stating that "there is no this people and an error address." (*Id.*) Plaintiff then emailed the contents of the FedEx package to email addresses known to be associated with Defendant Jinri, again receiving no response. (*Id.*)

[3] Plaintiff's counsel served the R&R on Defendant Jinri via international courier (FedEx international priority mail) to the company's address in Shenzhen, China. (Certificate of Service, Dkt. 22.)

The Court has reviewed both the record and Judge Shields's well-reasoned and thorough R&R. Finding no clear error in Judge Shields's decision, the Court adopts the R&R in its entirety, grants Plaintiff's motion for default judgment,[4] and permanently enjoins Defendant Jinri from infringing on the patent held by Plaintiff.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: August 12, 2020
　　　　Brooklyn, New York

---

[4] As noted in the R&R, before this case can be closed and judgment entered, Plaintiff must dismiss Defendant John Doe 1 d/b/a Ropalia from this action. (R&R, Dkt. 21, at 1 n.1.)